**B.T. PRODUCE CO., INC., Petitioner**

v.

**DEPARTMENT OF AGRICULTURE and United States of America, Respondents.**

Nos. 07–1240 to 07–1242.

United States Court of Appeals, District of Columbia Circuit.

Sept. 15, 2008.

Rehearing En Banc Denied Dec. 5, 2008.

Jeffrey Mark Chebot, Whiteman, Bankes & Chebot, LLC, Philadelphia, PA, Mark Charles Hewitt Mandell, Law Office of Mark C.H. Mandell, Annadale, NJ, for Petitioner.

Margaret Marie Breinholt, Counsel, James Michael Kelly, Associate General Counsel, Leslie K. Lagomarcino, U.S. Department of Agriculture, Washington, DC, for Respondents.

Before: SENTELLE, Chief Judge, and HENDERSON and KAVANAUGH, Circuit Judges.

### JUDGMENT

This appeal was considered on the record of the United States Department of Agriculture and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j).

For the reasons set forth in the attached memorandum, it is **ORDERED AND ADJUDGED** that the decision of the Department of Agriculture be affirmed.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.

### MEMORANDUM

In 1999, the United States Department of Agriculture ("USDA" or "Agency") uncovered widespread corruption in the USDA produce inspection system at Hunts Point Terminal, a wholesale produce market in the Bronx. As part of the investigation, a USDA inspector—previously ar-

rested for taking bribes—cooperated with the Agency and conducted inspections while wearing recording devices to document the bribes he received. During the five months he worked undercover, the inspector reported receiving 42 bribes from the produce buyer for B.T. Produce. As a result, the Agricultural Marketing Service of the USDA ("AMS") brought a complaint against B.T. Produce, alleging that the company failed, without reasonable cause, to perform a specification or duty, express or implied, arising out of an undertaking in connection with transactions involving perishable agricultural commodities purchased, received, and accepted in interstate and foreign commerce, in violation of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499b(4). The AMS also determined that Nat Taubenfeld and Louis Bonino, the company's president and vice president, respectively, were responsibly connected to B.T. Produce while the company violated the PACA, making them subject to individual discipline. *See* 7 U.S.C. §§ 499a(b)(9), 499h(b).

The Chief Administrative Law Judge ("CALJ") held a ten-day hearing on the three consolidated cases. After hearing all the evidence, the CALJ concluded that B.T. Produce committed 42 willful and flagrant violations of section 499b(4) by paying bribes to the USDA inspector. Although this conclusion authorized the CALJ to revoke B.T. Produce's PACA license, the judge instead imposed a civil penalty of $360,000. The CALJ also held that Taubenfeld and Bonino were responsibly connected to the company. All parties appealed the CALJ's decision to the Judicial Officer ("JO"), to whom the Secretary of Agriculture has delegated final authority in adjudicative proceedings. *See* 7 C.F.R. § 2.35. The JO affirmed the CALJ on every issue except the sanction against B.T. Produce, which the JO increased to the maximum sanction of license revocation. B.T. Produce, Taubenfeld, and Bonino petitioned this court for review of the JO's decision that the company violated the PACA and that the officers were responsibly connected to the company.

Before us, B.T. Produce argues that it did not violate the PACA because the Agency may not interpret section 499b(4) to include a duty not to bribe the USDA inspector, the implied duties clause of section 499b(4) applies only between parties to a contract, the Agency was required to proceed under section 499n(b) and prove actual falsification of specific inspection certificates, and the bribes were secretive and not in the scope of employment. Each of these issues is governed by our decisions in *Kleiman & Hochberg, Inc. v. USDA,* 497 F.3d 681 (D.C.Cir.2007) and *Coosemans Specialties, Inc. v. USDA,* 482 F.3d 560 (D.C.Cir.2007), which require us to reject B.T. Produce's arguments. Taubenfeld and Bonino argue that they were not responsibly connected to the company because of the secret nature of the produce buyer's bribes, and Taubenfeld argues that the USDA violated the Administrative Procedure Act by not giving him notice and opportunity to halt the illegal conduct before it brought sanctions against him. As with the other issues in this case, *Kleiman & Hochberg* and *Coosemans Specialties* govern and reject these arguments. Finally, Taubenfeld and B.T. Produce argue that holding them responsible violates the Fifth Amendment to the Constitution, but *Kleiman & Hochberg* and *Coosemans Specialties* also dispositively decide this issue against them.